CV 12-3566

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EVON HILLIMAN and JALIYL LUCIEN,

          Plaintiffs,

          COMPLAINT

-against-   **KUNTZ, J.** JURY DEMAND

THE CITY OF NEW YORK and POLICE
OFFICERS JOHN DOE 1-10,   **GOLD, M.J.** SUMMONS ISSUED

          Defendants.
-----------------------------------------------------------x

Plaintiffs EVON HILLIMAN and JALIYL LUCIEN, by their attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW YORK and POLICE OFFICERS JOHN DOE 1-10 (collectively referred to as the Defendants), upon information and belief, allege as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom; and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and §1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

4. During all times material to this complaint, each plaintiff was, and still is, a resident of the State of New York, presently residing in Kings County.

5. At all relevant times, defendants POLICE OFFICERS JOHN DOE 1-10 (collectively referred to as defendant officer(s)), upon information and belief, were and still are, law enforcement officers in the employ of the Police Department of the City of New York.

6. At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

7. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant Officers, through its Police Department, namely New York City Police Department and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Plaintiffs sue all defendants in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about August 7, 2011, at approximately 01:00 a.m., in front of the premises known and described as 393 Dumont Avenue, Brooklyn, New York, in the County of Kings, City of New York,

each plaintiff was arrested without probable cause by the defendant officers.

10. That prior to the time of the above-referenced arrest(s), the plaintiffs had gone to the subject premises to visit a friend who lived in an apartment located within the subject premises.

11. Upon arrival at the subject premises, but before they could actually enter into the subject premises, the plaintiffs were stopped and told by one of the defendant officers that "you can't walk this way".

12. The plaintiff's inquires as to why they could not, whereupon one of the defendant officers repeated to the plaintiffs that "you just can't walk this way".

13. At that juncture, the plaintiff Evon Hilliman used a cellular phone that was on his person to call the friend that were intending to visit, and asked said person to come down to get them, as they (the plaintiffs) were being prevented from entering into the building by police officers.

14. As the plaintiff Evon Hilliman was engaged in the above-referenced telephone conversation, suddenly and without warning, he and the plaintiff Laliyl Lucien were arrested by the defendant officers.

15. At that juncture the plaintiffs were not told why they were being arrested.

16. The plaintiffs were then transported (in different vehicles) to the New York City Police Precinct known as Police Service Area 2 ("PSA2") located on Sutter Avenue in Brooklyn.

17. Upon arrival at PSA2, the plaintiffs were detained in different cells.

18. While they were thus detained, the defendant police officers amused themselves by holding up different weapons that they displayed in plastic packaging, while asking the plaintiffs which weapon was theirs, "the revolver" or the "9 millimeter".

19. The plaintiffs, amazed at the turn of events, denied knowledge or ownership of any weapon.

20. The plaintiffs were subsequently processed, or otherwise fingerprinted and photographed at the precinct.

21. The plaintiffs were subsequently taken to "Central Booking", located within the criminal courthouse building at 120 Schermerhorn Street, Brooklyn, New York 11201.

22. The plaintiffs were further "processed" at Central Booking.

23. At approximately 12:00 a.m. on August 8, 2011, the plaintiffs were released from Central Booking without being arraigned before a Criminal Court Judge. Upon information and well founded belief, the Kings County District Attorney had declined to prosecute them.

24. The plaintiff Evon Hilliman's arrest # was "K11676554". The plaintiff Jaliyl Lucien's arrest # was "K11676560".

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

25. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. The above-described respective arrest(s), detention(s) and imprisonment(s) of the plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest or subsequent detention.

27. As a result of plaintiffs above-described false arrest(s) and imprisonment(s), they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, were prevented from attending to their necessary affairs, have been caused to incur legal expenses, and have been otherwise damaged in their character and reputation.

28. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

29. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

### CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

30. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. That upon initially accosting the plaintiffs, the defendants searched and/or caused each plaintiff to be searched, without any individualized reasonable suspicion that said plaintiff was concealing weapons or contraband.

32. As a result of the foregoing, the plaintiffs were subjected to illegal and improper searches.

33. The foregoing searches violated the plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

34. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35. Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

36. The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

37. As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and each plaintiff's constitutional rights were violated.

Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

38. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39. The defendants arrested and incarcerated each plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest(s) and incarceration(s) would jeopardize each plaintiff's liberty, well-being, safety and constitutional rights.

40. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

41. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in drug transactions;

b. manufacturing evidence against individuals allegedly involved in drug transactions;

c. unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

43. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

44. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

45. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

(a) The right of each plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

Case 1:12-cv-03566-WFK-SMG   Document 1   Filed 07/18/12   Page 8 of 11 PageID #: 8

(b) The right of each plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that each plaintiff was detained and subsequently prosecuted.

(d) The right to be free from the use of excessive and unreasonable force.

47. As a result of the actions of the defendants, each plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned each plaintiff thereby depriving each plaintiff of his liberty without due process of law.

48. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiffs for the damages they suffered.

49. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

50. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The

individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
July 17, 2012

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____
Wale Mosaku
Attorney(s) for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

THE CITY OF NEW YORK
C/O New York City Law Department
100 Church Street
New York, N.Y. 10007